UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

    Plaintiff,                    CIVIL ACTION NO. 06-13074

  vs.                         DISTRICT JUDGE AVERN COHN
                           MAGISTRATE JUDGE DONALD A. SCHEER

HELEN J. MARBERRY,
RICK SCHOENBERGER, F.A.
BIERSCHBACH, FEDERAL
BUREAU OF PRISONS,
HARRELL WATTS, and
MICHAEL K. NALLEY,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant Nalley's Motion to Dismiss should be granted as Plaintiff has failed to state a claim upon which relief can be granted in this Bivens action against Bureau of Prison officials.

\*   \*   \*

Plaintiff, while a prisoner at the Federal Correctional Institute (FCI) in Milan, Michigan,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant 42 U.S.C. §§ 1983, 1985 and 1986, as well as the doctrine announced in Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971), on June 20, 2006, against the above named Defendants. Defendant Nalley is the Regional Director of the

---

[1] Plaintiff was transferred to a Community Corrections Center in January 2007 in preparation for a projected release date in June 2007.

Administrative Remedy Appeal Board of the Federal Bureau of Prisons. None of the other defendants have been served to date.

Plaintiff alleged that in June 2005, while incarcerated at FCI-Milan, he was wrongfully found guilty of major misconduct following a prison disciplinary hearing. As a result of the misconduct determination, he was placed in disciplinary segregation, lost good time credit and suffered a loss of commissary privileges. Claiming that his due process rights were violated at the disciplinary hearing, Plaintiff seeks compensatory and punitive damages as well as restoration of his good conduct time.

The government, on behalf of BOP Regional Director Nalley, filed a Rule 12(b) Motion for Dismissal on June 13, 2007, based upon lack of personal and subject matter jurisdiction and a failure to state a claim upon which relief can be granted. The government asserted, inter alia, that the Complaint against Defendant Nalley should be dismissed because he was not sufficiently active in the alleged constitutional violations to support a Bivens claim.

DISCUSSION AND ANALYSIS

Without addressing the question of either personal or subject matter jurisdiction, I am persuaded that the Complaint should be dismissed against Defendant Nalley because Plaintiff has failed to allege that he was actively involved in the alleged constitutional violations. The Supreme Court has held that the Constitution itself supports a private cause of action for damages against a federal official. Bivens v. Six Unknown Federal Narcotics Agents, supra; Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980). The named federal defendant, however, must have been actively involved in the

alleged constitutional violation to support a Bivens claim. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).

In the instant case, Plaintiff alleges that his due process rights were violated during a prison disciplinary hearing. He asserts that he was denied his right to a staff representative, was not allowed to present witnesses on his behalf, and that documents relative to his hearing had been forged. Plaintiff does not claim that Defendant Nalley was an actual participant at the hearing, only that he later "refused to address the issues stated in his appeal" of the misconduct determination (See Complaint at page 7).

Other than alleging that Defendant Nalley failed to adequately respond by preventing the disciplinary action imposed, Plaintiff has failed to identify how the Regional Director was personally involved in violating his civil rights during the prison disciplinary hearing. To the extent that Plaintiff complains that Defendant Nalley failed to adequately respond to his appeal, the general rule is that a combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983. Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). Plaintiff having failed to show that Defendant Nalley was actively involved in the alleged constitutional violations, the Complaint against him should be dismissed for failure to state a claim upon which relief can be granted. Accordingly, it is recommended that Defendant Nalley's Motion to Dismiss be granted, but the case allowed to proceed against the remaining defendants once they have been properly served.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cohn's acceptance thereof is waived.

<pre>
                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE
DATED: June 19, 2007
</pre>

_____

## CERTIFICATE OF SERVICE

I hereby certify on June 19, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 19, 2007. **Jack Smith.**

<pre>
                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217
</pre>